Our third argument of the morning is in Appeal Number 233373, National Casualty Insurance v. Continental Insurance. Okay, Mr. Steinlich, good morning. Good morning, Your Honors, may it please the Court. My name is Michael Steinlage. I am here representing the appellants, Nationwide Mutual Insurance Company and National Casualty Insurance Company. We are here today asking this Court to reexamine its historical precedent, holding that questions regarding the finality and preclusive effect of a judgment confirming a prior arbitration award are questions not for the Court to decide, but for a future arbitration panel to decide. Obviously, our briefs address this issue in length, but there were four basic reasons that I believe this Court should reexamine and revisit the historical precedent addressing this very specific issue. First, there is the Supreme Court authority that the presumptions that the District Court relied upon arise from. They arise from an ambiguous, I'm sorry, the Supreme Court authority the presumptions are based on arise from an ambiguous and in some cases dicta that the Supreme Court itself has never fully adopted or specified. Second, the ruling of the Court to not address issues of the preclusive effect and finality of confirmed awards conflicts with and cannot be reconciled with the clear language of Section 13 of the FAA. And the District Court recognized this as an issue of first impression, one which no Seventh Circuit decision previously has addressed. Second, or third rather, the, can you, can you, I don't want to, do you want to go through your list? I want to come back to Section 13, but why don't you go through your list and then let's do that. The third is that the opinion of the Court that the decision, that the finality and preclusive effect should be decided by an arbitration is in conflict with the terms of the contract, which state that awards shall be final and binding. And finally, and I'll address this in more detail after I answer your Honor's question, we believe that this appeal presents an opportunity for the Seventh Circuit to reexamine its historical arbitration preferring presidents in light of recent clarity from the Supreme Court rejecting the existence of a strong federal policy favoring arbitration and recognizing instead that the FAA represents nothing more than the commitment to place agreements to arbitrate on the same footing as other contracts. Okay. So, Section 13, to my eye, says that an arbitration award shall have the same effect as a judgment, a court, a court judgment. But I don't, so I, I get that. You can, you can use Section 13 in court to enforce an arbitration award. That, that's its plain import. But I don't see how Section 13 informs here whether the claim that's been brought, Continental's claim, which they say is a new claim, and you say no, it's a recycled claim. I don't see how Section 13 tells us whether that's within the scope of the arbitration agreement or not. I believe Section 13 is clear and speaks with, without really any exceptions regarding the ability to enforce the effect as a judgment in court. And the, the point, there are, there are many aspects of this, but the essence of it is that the, that Section 13 and the ability to enforce the preclusive effect in court is not the same as the opportunity to have a panel of arbitrators, future arbitrators, decide the finality and preclusive effect of a prior award. That, in fact, is an opportunity for a subsequent arbitration panel to, to. Yeah, I guess what's, what throws me off about this case is the, there, the parties pass in the night on something. You, you say, or your, not you, your clients, your clients are saying this is the exact same issue that was arbitrated, what, a couple of times, including back in 17. Correct. Okay. Now, your adversary doesn't have to accept that representation. Indeed, they disagree with it. And they say, it, it's not that we don't understand national casualty and nationwide. We understand it just fine. They're just wrong. It's a brand new claim, right, under the loss occurrence provision. So we. Correct. So, I mean, that's, you know, you're not going to convince him, he's not going to convince you. So the question here is who decides that issue? And we. Yes. And it is, and we are, we are asking this court not to decide the merits of a new dispute. We are asking only to address and enforce the finality of a judgment. Answer the preclusion question.  Right. So if the court. But that's where, that's where you bump up against our case law, as you're, I mean, you candidly acknowledge. Yes. And, and we believe that the case law starting with Howsam is wrongly decided or based upon presumptions that were never fully explored. Has any circuit agreed with your interpretation here? No. And in fact, we'd be creating a circuit split with the first and the ninth if we agreed with you, wouldn't we? That is correct. There are currently two district courts that have opined on this. Circuit courts. I'm sorry.  And, and, and, you know, this wouldn't be the first time that the seventh circuit was in the minority on an opinion relating to arbitration issues. The fact in Morgan v. Sundance, there was a majority of circuits and then a much smaller minority of circuits of which the seventh circuit was part of. Speaking of Morgan, did you present your Morgan argument to the district court? We did not specifically raise Morgan in the context of the original response to the motion to dismiss, but we believe it is brought forward and made relevant to the appeal by virtue of the court's statement that it is, in fact, relying upon a assumption or presumption of a liberal federal policy in favor of arbitration, which is exactly what Morgan is addressed to. So as a matter of legal authority, it's, am I, I don't want to mischaracterize, your, your position, you anchor it statutorily in section 13? Yes. Is that right? Yes. But also in the indition intent of the contract, which speaks of arbitration awards being final and binding, the indicio of intent represented in the other aspects of the arbitration clause, which provide that arbitrators are relieved of all judicial formalities, may abstain from following strict rules of law. But how does the finality argument apply here? Because Continental is not arguing that the first arbitration is not final and binding. I know that's a double negative. So, but their, their argument, they, I think, would agree that the first arbitration is final. What's at issue here is the preclusive effect of that prior final arbitration award. Correct. And we are, again, only asking and suggesting that the court should be in a position as, as the. But your argument, one of your arguments for the court addressing this rather than the arbitrator, as I understand it, is you want to be able to rely on the finality of the prior arbitration award, and that under the contract, you're entitled to this finality. But Continental doesn't challenge the finality. They're saying this is a new claim. It's just precluded by that prior final judgment. So I don't think your argument holds water because it's not a finality argument. It's a preclusive argument. It is a finality argument if we are right that it is the same contract interpretation. If we're wrong and the court looks at it without deciding the merits, but looks at the issues and decides that they are not the same, that Continental is right, then it goes to the arbitrator. But it is the, ultimately, we submit the court that should decide that issue, that narrow issue of whether or not this is the same claim entitled to preclusive effect based upon a judgment that we are entitled to enforce and has the force and effect of law. Mr. Snellack, we're going to give you a minute on rebuttal. Can you answer a question just practically for me? It's hypothetical. I'm of the view that everybody here, I'm assuming everybody's acting in the best of faith. You just have a dispute. Okay. Change the fact pattern and suppose that your client convinced the arbitrator that Continental's claim was brought in bad faith, that this is an intentional attempt to relitigate an issue that has already been resolved. And suppose that the arbitrator says, I 100% agree with you. Can the arbitrator impose sanctions? The arbitrator has broad authority to grant relief to the parties. I think it depends, at the end of the day, though, what the parties have agreed to because arbitration is an intentional attempt. No, no, but if the arbitrator decides this claim was brought in bad faith, this claim has already been resolved, 100% been resolved by the prior matters, this is impermissible recycling, and I don't think it was brought in good faith. Can an arbitrator impose sanctions? There is separate precedent in this circuit where parties have challenged the authority of arbitrators to award sanctions under that scenario. But I believe that if one party argued and the other side and the panel believed that it was within the scope of their authority to rule upon it, that they could provide that relief. Okay. Okay, we'll give you a minute on rebuttal. Let's hear from Mr. Merkins. Good morning. May it please the Court, my name is Andrew Merkins on behalf of Continental Insurance Company. This case concerns a breach of contract claims under a handful of contracts between Nationwide and Continental. The parties agree that contracts are valid. The parties agree that the contracts have valid arbitration clauses. And the parties agree that their breach of contract claims are subject to arbitration. Now, Nationwide raises a preclusion defense because it believes that the earlier arbitration awards are collateral estoppel to Continental's new breach of contract claims. Continental obviously disagrees, as the Court's questions suggested, disagrees with that assertion. But that preclusion question is for the arbitrators to decide, as this Court's precedents make clear and as the Supreme Court's precedents make clear and as the law of every other circuit to decide this issue makes clear. Issues of preclusion are procedural, ancillary matters to an arbitrable claim. This Court's precedents make that clear. Supreme Court's precedents make that clear as well. Before I get too deep into the merits, however, I'd like to address first an issue that we raised in our motion to dismiss, and that is that the Court should not actually reach the merits of this appeal and should instead vacate the District Court's judgment and remand to the District Court with instructions to stay the case pending the resolution of the arbitration. That's the appeal you filed in our court, right? The motion to dismiss that we filed. Yeah, the motion to dismiss, I'm sorry. That's correct. Yeah. So that turns on the Supreme Court's recent decision interpreting Section 3. That's correct. Right. Do you view that? Do you view Spazzeri as talking about Section 3 in jurisdictional terms? I do. Because there's emphasis in the, or at least, I don't have to characterize it, but there are statements in the Supreme Court opinion about requests for a stay. And I don't read Section 3, I don't read Congress as having drafted Section 3 in a way that relates to the subject matter jurisdiction of a federal court. I agree. So, in other words, it turns upon whether a party asked for a stay or not. I agree, Your Honor, that I don't read Section 3 as going to the subject matter as well. I think that what we have here is... So if that's the case, nobody raised this in the district court. At the time that the district court issued its opinion, there was a, you know, several district courts in this circuit and elsewhere across the country had created a judicially created exception to Section 3, permitting the district court to dismiss the claims where the motion to compel arbitration resolved all matters and there was nothing left for the district court to do. And at the time that the district court issued its order, you know, that had been adopted by several district courts and this court had affirmed, you know, some instances of that. Subsequent to that, after this case was appealed and the appeal was fully briefed, the Supreme Court decided Spazzeri. And we now know that that's not the correct way to handle these things. Yeah, but what difference does it make? If it doesn't go to subject matter jurisdiction, it's just an issue that neither party raised. We now know what the law is, so in future cases, parties can ask for stays and they'll get stays. Why is it it's neither here nor there in this litigation? Well, Your Honor, I think it would be somewhat anomalous if, in this case, simply because of the timing of the appeal. If we were still in the district court, for example, we've seen this with some district court decisions that have been decided since Spazzeri. Even where litigants moved to dismiss in light of the Spazzeri case, the district court construed that as a motion to stay. And, in fact, back in 2008, this court took that same approach in the Great Gatsby decision. In that case, similar proceeding, there was a section 3, a case brought under section 3, and the court decided the claims were arbitrable. The party that was seeking to compel arbitration also moved to dismiss, and this court decided to construe that motion to dismiss as a motion to stay. But where do you see the requirement that the district court do that, where here no party has requested a stay? And why didn't Continental, since all this was brewing, why didn't it request a stay? Well, at the time— So there's two questions I asked. I'm sorry. I may have forgotten your first question. The first one was where do you see the requirement? I understand the argument that you're making that other courts have construed it and acted thus and so, but where's the requirement that we remand to get this outcome? I would say that the court in Sposiri and the way that we have— the way that this court has discussed section 3 subsequent to Sposiri says that when the court compels arbitration, finds that there's an arbitration clause that controls, the correct path is to stay. Where a party has requested it. Yes, I admit the statute and the Sposiri case both state a conjunctive requirement that the party has to request it and the case has to be compelled to arbitration for a stay. Subsequent decisions by this court and the earlier decision in the Gatsby case suggest that what really matters is that a case is sent to arbitration and there's nothing left for the court to do. And doing so, staying the case as a matter of course, is also consistent with the actual underlying rationale. Nothing about our case law has ever said you should do that if neither party requests a stay. And I think you would agree that not just you, but neither party requested a stay below. I do agree with that. And section 3 specifically says that you should stay on an application of one of the parties to stay. So it's built in the statute. I agree with that, Your Honor. So you're asking us to come up with a requirement that's inconsistent with the language in the statute. I don't know that I agree with that characterization. How could we require a stay when one of the parties does not request it when it's not in the statute? I would have to go back to an earlier answer which refers back to the Gatsby case where neither party requested a stay in that case. And the court said that section 3 requires us to construe this as a stay. What about Spazzeri? That has come out. That's the Supreme Court. And part of their holding was on the fact that one of the parties had requested a stay. The only thing that I would say in response to that is that in Spazzeri, the Supreme Court specifically cites positively to the great Gatsby case and notes that in that case the Seventh Circuit ordered a stay even when neither party had requested it. And cites Gatsby approvingly. And you agree we would be creating a circuit split with the Sixth Circuit, which recently held in Bradley, that you had to ask for the stay in order for it to apply. I actually am not aware of the Bradley case, but I take you at your word, and that would in fact be the case. The Sixth Circuit addressed this issue on October 21st. And I would also suggest that this issue, as your earlier question suggested, Judge Scudder, probably has a short shelf life. I'm surprised you're pressing it, to tell you the truth. I think the only possible way that you're correct is if it's jurisdictional. Under the case law, the Supreme Court distinguishing jurisdictional rules from claims. I think that's the only possible way. And you would have to, if you're right, what that would mean is suppose the district court asked Continental, do you want a stay or do you want dismissal? And Continental says, we want dismissal. We don't want a stay. Your position would have to be that it doesn't matter. The court must stay. I have a hard time seeing how you can square that with Spaziri. And the language of Section 3. I understand your point, Your Honor, and I'd be repeating the same answers that I'd be relying on Gatsby. Can you, just humorous, are you permitted to explain why your client is pressing the matter? What's so important? I mean, I had my speculations, but anything you can shed light on why a stay is much more preferable to your client. Well, Your Honor, to be frank, we brought the motion to dismiss in light of Spaziri, because we thought that it was incumbent on us to bring it to the court's attention because of our understanding of the interplay between Gatsby and it. We are completely comfortable proceeding to the merits of this case. And we, in fact, you know, believe that the law is firmly on our side and that the preclusion issues are for the arbitrator to decide. So, like I said, we raise this issue. Our clients are entirely comfortable having this court rule on the merits question. And we brought it to the attention because we thought that it was directly relevant. Most clients like it when a claim is dismissed. Right. And, in fact, that's why we initially moved for dismissal, because of the fact that at the time we brought it, that would have seemed a viable path. I see I'm out of time. Okay. No problem. We understand your position. Appreciate it. Thank you, Your Honor. Yep. Thank you. Mr. Steinlog? Thank you. I'll be brief. I want to just address the presumption that counsel stated that the preclusive effect and who decides that is a procedural issue. I think, again, if you look at Howsam and everything that follows from it, it's based upon an assumption that, you know, a line of types of issues that are presumptively procedural and, therefore, for the arbitrator, which begin with waiver and delay and then move into a list of notice, latches, time limits, estoppel, and other conditions precedent to an obligation to arbitrate. We suggest that to the extent you're talking about issues like promissory estoppel or equitable estoppel, it could include that, but that that reference to estoppel was never intended to actually cover collateral estoppel or issue preclusion. And so we believe it is, in fact, a substantive issue. It's actually a hybrid issue. It's not an issue for the – it's a hybrid issue. I'll leave it at that. Okay. Mr. Merkins, thanks to you. I'm sorry, Mr. Steinle. Mr. Merkins, thanks to you and your colleague. We'll take PPL under advisement.